IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

           v.                                  03-CR-161-S-01

LAMARR MURRAY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Lamarr Murray's supervised release was held in this case on September 9, 2008, before Chief United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Reed Cornia. Also present was Senior United States Probation Officer William T. Badger, Jr.

From the record and defendant's stipulation I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 31, 2004, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The offense is a Class C felony. He was sentenced to 57 months' imprisonment and three years' supervised release.

Defendant began his supervised release on October 27, 2007. In February 2008, he

violated the mandatory condition of his release that prohibits him from committing another federal, state or local crime.  On June 18, 2008, he pleaded guilty to a one-count indictment in this court, case no. 08-CR-33-C-01, charging him with possession with intent to distribute cocaine base (crack cocaine), a Schedule II controlled substance.

Defendant's conduct falls into the category of Grade A violations.  Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon a finding of a Grade A violation.

## CONCLUSIONS

Defendant's violation includes a new criminal conviction involving possession of a controlled substance, and requires revocation. Accordingly, the three-year term of supervised release imposed on defendant on March 31, 2004, will be revoked.  Defendant's criminal history category is III.   With a Grade A violation and a criminal history category of III, defendant has an advisory guideline term of imprisonment range of 18 to 24 months. The statutory maximum sentence that can be imposed is two years because defendant's original conviction was for a Class C felony.

After reviewing the non-binding policy statements in Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range.  The intent of this sentence is to hold defendant accountable for his violation, and deter others who would commit new crimes while on supervised release.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 31, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months. The sentence is to run consecutively to the sentence imposed in case no. 08-cr-33-bbc-01. No term of supervised release shall follow in this case (03-CR-161-S-01).

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 9th day of September, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
Chief District Judge